UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAKYIA SKINNER | CIVIL ACTION |
| VERSUS | NO.   98-1461 |
| HARRY LEE, ET AL. | SECTION: "L" (4) |

### ORDER AND REASONS

The Court has before it Lakyia Skinner's Motion for Reconsideration of a denial of a Motion for Relief from a Final Judgment pursuant to Federal Rule of Civil Procedure 60(b). R. Doc. 195. Mr. Skinner asks this Court reconsider the denial, at R. Doc. 194, of his motion to vacate the jury judgment against him in his civil suit brought against Defendants for alleged violations of Mr. Skinner's civil rights during his incarceration. Mr. Skinner argues that due to his traumatic experiences at the hands of Defendants, he was unable to fully and truthfully testify against them at the 2004 trial. Thus, he seeks a new trial almost twenty years later.

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Fed. R. Civ. Pro. 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Fed. R. Civ. Pro. 60(b) motion for relief from judgment. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). Relief is warranted only when the basis for relief is "clearly establish[ed]." *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The

1

Fifth Circuit instructs that reconsideration is "an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). In deciding whether to grant a motion for reconsideration, the court must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). However, a motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Here, Mr. Skinner's motion for reconsideration was filed more than ten days after judgment was entered, so it is subject to the more stringent standards of a Fed. R. Civ. Pro. 60(b) motion for relief from judgment. In Mr. Skinner's motion, he claims that evidence presented by the defense during his trial "deceive[d] the minds of [his] jury," and that his counsel failed to object to certain evidence. R. Doc. 195 at 4. This Court has previously dismissed as frivolous a complaint Plaintiff filed against his counsel following the conclusion of his trial. *See Skinner v. Loyola Univ. Law Clinic*, No. 05-0712, 2006 U.S. Dist. LEXIS 68820, at *1 (E.D. La. Sep. 25, 2006). Beyond that, Skinner's current claims about the persuasive value of evidence are properly raised before the entry of judgment, and are exactly the kind of "rehashing" against which the Fifth Circuit cautioned in *Templet*.

Furthermore, Rule 60(b) motions must be made "within a reasonable time[.]" Judgment was entered in this matter on March 4, 2004, and Mr. Skinner filed his Motion for Relief on January 2, 2023, nearly twenty years after judgment was entered. Even assuming that a plaintiff's own reticence to testify could be the basis for relief under Rule 60(b), eighteen years and ten months is not a reasonable time for seeking Rule 60(b) relief. The Court finds that it did

not err in its order issued May 9, 2023. Accordingly, Mr. Skinner's Motion for Reconsideration of a Motion for Relief from a Final Judgment is **DENIED**.

New Orleans, Louisiana, this 2nd day of June, 2023.

_____
**UNITED STATES DISTRICT JUDGE**

3